BENJAMIN B. WAGNER
United States Attorney
HEATHER MARDEL JONES
Assistant United States Attorney
United States Courthouse
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for United States

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>     v.<br><br>APPROXIMATELY $2,940.00 IN U.S. CURRENCY,<br><br>             Defendant. | 1:13-CV-00340-AWI-SKO<br><br>**STIPULATION AND ORDER FOR FINAL JUDGMENT OF FORFEITURE** |

IT IS HEREBY STIPULATED by and between the parties, the United States of America and sole claimant, Treva Puls (hereafter "Claimant"), by and through their respective counsel of record, as follows:

1.     This is a civil action against the defendant approximately $2,940.00 in U.S. Currency ("defendant currency"), seized on or about September 28, 2012.

2.     A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on March 8, 2013, alleging that said defendant currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

3.     On May 2, 2013, the Clerk issued a Warrant for Arrest for the defendant currency.  The warrant for the defendant currency was duly executed on May 29, 2013.

4. Beginning on May 3, 2013, for at least 30 consecutive days, the United States published notice of this action on the official government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed with the Court on June 3, 2013.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, direct notice or attempted direct notice was given to the following individuals:

    a. Treva Puls

    b. James Jones.

    c. Mark. W. Coleman, Esq.

6. On June 6, 2013, Claimant Treva Puls filed an unverified Answer to the United States' Verified Complaint for Forfeiture In Rem. No Verified Claim was ever filed.

7. To date, no other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

8. Claimant Treva Puls represents and warrants that she is the sole owner of the defendant currency and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the United States with regard to its forfeiture of all or part of the defendant currency, Claimant Treva Puls shall hold harmless and indemnify the United States.

9. The United States' allegations are set forth in its Verified Complaint. Claimant denies these allegations however, to avoid the uncertainty and expense of further litigation, the parties desire to stipulate to the entry of a Final Judgment of Forfeiture on the following terms:

    a. Upon entry of a Final Judgment of Forfeiture herein, approximately $2,058.00 of the approximately $2,940.00 in U.S. Currency, together with any

interest that has accrued on the entire amount of defendant currency, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

      b.      Upon full execution of the Final Judgment of Forfeiture herein, and no later than 45 days thereafter, $882.00 of the defendant approximately $2,940.00 in U.S. Currency, shall be returned to Claimant through her attorney Mark W. Coleman, Nuttall & Coleman, 2445 Capitol Street, Suite #150, Fresno California 93721, (559) 233-2900.

      c.      Claimant hereby releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure, arrest, or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure, arrest, or forfeiture, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

      d.      Claimant agrees that she did not substantially prevail in this action within the meaning of 28 U.S.C. § 2465, and each party shall bear her or its own costs and attorney's fees.

      e.      Each party represents, and the parties agree, that there was probable cause for arrest and seizure of the defendant currency, and for the commencement and prosecution of this forfeiture action, and for the issuance of a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

      f.      Federal law requires the Department of Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed

to the United States, and to individual states (including past-due child support).  If an offset is made to the payments to be made to Claimant, then Claimant will receive notification from the Department of the Treasury at the last address provided by them to the government agency or entity to whom the offset payment is made.  If Claimant believes that her payment may be subject to an offset, Claimant or her counsel may contact the Treasury Department at 1-800-304-3107.

    g.    The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

    h.    Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he or she is signing to the terms of the Stipulation.

    i.    Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals.  All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

    j.    This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

    k.    Each party represents that she or it understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

    l.    Notwithstanding the execution of the Final Judgment of Forfeiture herein, the parties hereby stipulate that the U.S. District Court for the Eastern District of California shall retain jurisdiction to enforce the terms of this Stipulation

for Final Judgment of Forfeiture.

    m.    Claimant acknowledges that she has obtained the advice of counsel, or has declined to do so, and that she is entering into this stipulation knowingly and voluntarily.

Dated: September 23, 2013                      BENJAMIN B. WAGNER
United States Attorney

                                                  /s/ Heather Mardel Jones
HEATHER MARDEL JONES
Assistant United States Attorney

Dated: September 18, 2013                      /s/ Treva Puls
TREVA PULS
Claimant
(Original signature retained by attorney)

Dated: September 18, 2013                      /s/ Mark W. Coleman
MARK W. COLEMAN
Attorney for Claimant Treva Puls
(Original signature retained by attorney)

**CERTIFICATE OF REASONABLE CAUSE**

Based upon the allegations set forth in the Complaint filed March 8, 2013, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure or arrest of the defendant funds, and for the commencement and prosecution of this forfeiture action.

IT IS SO ORDERED.

Dated:   September 24, 2013                             _____
                                                                                  SENIOR  DISTRICT  JUDGE